Dale M. Cendali
Todd M. Friedman
Joshua L. Simmons
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
todd.friedman@kirkland.com
joshua.simmons@kirkland.com

*Attorneys for Plaintiff JobDiva, Inc.*



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOBDIVA, INC., | Case No. _____ |
|             Plaintiff, | ECF Case |
| - against - | |
| MONSTER WORLDWIDE, INC., | |
|             Defendant. | |

## COMPLAINT

Plaintiff JobDiva, Inc. ("JobDiva"), by and through its attorneys, Kirkland & Ellis LLP,

for its Complaint, hereby alleges against Defendant Monster Worldwide, Inc. ("Monster") as

follows:

### NATURE OF THE ACTION

1.      This action seeks to recover damages that JobDiva has suffered and to prevent the

irreparable harm that continues to threaten JobDiva as a result of Monster's infringement of

JobDiva's valuable patent rights.  Specifically, Monster has infringed JobDiva's patents by

incorporating JobDiva's patented resume search technology into Monster's products and

services.

Exhibit A        Exhibit B        Exhibit C

2.     Monster unlawfully and without JobDiva's consent appropriated the technology developed by JobDiva's founder, Diya Obeid, and assigned to JobDiva, for the searching of resumes.  Monster did so after learning about JobDiva's platform, which also uses JobDiva's patented technology, and despite being informed that JobDiva held patents covering the technology.

3.     Upon information and belief, in an attempt to profit from JobDiva's valuable intellectual property, Monster uses JobDiva's technology as part of its products and services (such as those available at its websites <monster.com> and <hiring.monster.com>), including, but not limited to, Monster's products powered by the 6Sense search engine, such as Power Resume Search, SeeMore, and Candidate Spotlight (the "Infringing Products").  The Infringing Products directly compete with JobDiva and its proprietary platform.

4.     Monster has engaged, and continues to engage, in the infringement of JobDiva's patented technology.  It has used JobDiva's technology in direct competition with JobDiva's own offerings.

5.     Accordingly, due to Monster's infringement, JobDiva has no choice but to file this lawsuit seeking injunctive relief and damages that it has suffered as a result of Monster's patent infringement under 35 U.S.C. § 1, *et seq.*

## PARTIES

6.     Plaintiff JobDiva is a corporation organized under the laws of the State of Delaware having its principal place of business in the State of New York and is qualified to do business and is doing business in the State of New York and in this judicial district.  JobDiva is, and at all times material herein was, owner of certain patent rights and engaged in the business, among other things, of providing end-to-end recruitment and applicant tracking services to large

and mid-sized staffing organizations.  JobDiva owns and operates the website available at <https://www.jobdiva.com/>.

7.      Upon information and belief, Defendant Monster is a corporation organized under the laws of the State of Delaware having its principal place of business in the State of New York and is qualified to do business and is doing business in the State of New York and in this judicial district.  Monster owns and operates the websites available at <http://www.monster.com/> and <http://hiring.monster.com>.

## JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338.

9.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

10.      On May 4, 2010, the United States Patent and Trademark Office ("PTO") duly and legally issued U.S. Patent No. 7,711,573 (the "'573 Patent"), titled "Resume Management and Recruitment Workflow System and Method."  A true and correct copy of the '573 Patent is attached hereto as **Exhibit A**.

11.      On July 31, 2012, the PTO duly and legally issued U.S. Patent No. 8,234,221 (the "'221 Patent"), titled "Recruitment Vendor Management System and Method."  A true and correct copy of the '221 Patent is attached hereto as **Exhibit B**.

12.      On October 2, 2012, the PTO duly and legally issued U.S. Patent No. 8,280,823 (the "'823 Patent"), titled "Resume Management and Recruitment Workflow System and Method."  A true and correct copy of the '823 Patent is attached hereto as **Exhibit C**.

13.     On June 11, 2013, the PTO duly and legally issued U.S. Patent No. 8,463,715 (the "'715 Patent"), titled "Resume Management and Recruitment Workflow System and Method." A true and correct copy of the '715 Patent is attached hereto as **Exhibit D**.

14.     JobDiva owns by assignment the entire right, title, and interest in and to the '573 Patent, the '221 Patent, the '823 Patent, and the '715 Patent (collectively, the "Asserted Patents").

15.     JobDiva utilizes its patented technology in its own proprietary job search platform.  Monster's infringement deprives JobDiva of these revenues.  Its use of JobDiva's patented technology, without consent, *inter alia* (1) allows Monster to profit commercially from JobDiva's technology without paying JobDiva a licensing fee; (2) causes lost sales to JobDiva, particularly as, upon information and belief, Monster has solicited JobDiva's customers to replace JobDiva's platform with Monster's Infringing Products; and (3) devalues and causes substantial harm to the value and competitiveness of JobDiva's proprietary platform and related products.  Thus, JobDiva has been damaged by Monster's conduct in an amount to be determined.

16.     When Monster incorporated JobDiva's patented technology into the Infringing Products, Monster never sought nor obtained a license to the Asserted Patents.  And, upon information and belief, unless and until enjoined by this Court, Monster will continue to infringe the Asserted Patents.

17.     Accordingly, JobDiva has suffered irreparable damages.  JobDiva has no adequate remedy at law to redress all of the injuries Monster has caused and intends to cause by its conduct.  JobDiva will continue to suffer irreparable damage until Monster's actions alleged above are enjoined by this Court pursuant to 35 U.S.C. § 283.

## CLAIMS FOR RELIEF

### COUNT I
### Patent Infringement of the '573 Patent (35 U.S.C. § 1, *et seq.*)

18.     JobDiva repeats and realleges each and every allegation above as if fully set forth herein.

19.     The '573 Patent is valid and enforceable.

20.     By its actions, alleged above, Monster has infringed and continues to infringe, literally or under the doctrine of equivalents, the '573 Patent by, *inter alia*, making, using, selling, offering for sale within the United States, and/or importing into the United States, the Infringing Products, which are covered by one or more claims of the '573 Patent.

21.     Monster's infringing activities violate 35 U.S.C. § 271.

22.     Upon information and belief, as a direct and proximate result of its wrongful conduct, Monster has obtained benefits to which it is not entitled.

23.     As a direct and proximate result of Monster's wrongful conduct, JobDiva has been substantially and irreparably harmed in an amount not readily capable of determination. Unless restrained by this Court, Monster will cause further irreparable injury to JobDiva.

24.     JobDiva is entitled to injunctive relief enjoining Monster, its agents and employees, and all persons acting in concert or participation with it from engaging in any further infringement of the '573 Patent.

25.     Monster's acts of infringement also have caused JobDiva to sustain monetary damage, loss, and injury, in an amount to be determined at trial.

26.     JobDiva is entitled to recover from Monster the damages, including attorneys' fees and costs, it has sustained and will sustain, and any gains, profits and advantages obtained by Monster as a result of its acts of infringement as alleged above.  At present, the amount of

such damages, gains, profits, and advantages cannot be fully ascertained by JobDiva, but will be established according to proof at trial.

## COUNT II
### Patent Infringement of the '221 Patent (35 U.S.C. § 1, *et seq.*)

27.     JobDiva repeats and realleges each and every allegation above as if fully set forth herein.

28.     The '221 Patent is valid and enforceable.

29.     By its actions, alleged above, Monster has infringed and continues to infringe, literally or under the doctrine of equivalents, the '221 Patent by, *inter alia*, making, using, selling, offering for sale within the United States, and/or importing into the United States, the Infringing Products, which are covered by one or more claims of the '221 Patent.

30.     Monster's infringing activities violate 35 U.S.C. § 271.

31.     Upon information and belief, as a direct and proximate result of its wrongful conduct, Monster has obtained benefits to which it is not entitled.

32.     As a direct and proximate result of Monster's wrongful conduct, JobDiva has been substantially and irreparably harmed in an amount not readily capable of determination. Unless restrained by this Court, Monster will cause further irreparable injury to JobDiva.

33.     JobDiva is entitled to injunctive relief enjoining Monster, its agents and employees, and all persons acting in concert or participation with it, from engaging in any further infringement of the '221 Patent.

34.     Monster's acts of infringement also have caused JobDiva to sustain monetary damage, loss, and injury, in an amount to be determined at trial.

35.     JobDiva is entitled to recover from Monster the damages, including attorneys' fees and costs, it has sustained and will sustain, and any gains, profits and advantages obtained

by Monster as a result of its acts of infringement as alleged above.  At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by JobDiva, but will be established according to proof at trial.

## COUNT III
### Patent Infringement of the '823 Patent (35 U.S.C. § 1, *et seq.*)

36.    JobDiva repeats and realleges each and every allegation above as if fully set forth herein.

37.    The '823 Patent is valid and enforceable.

38.    By its actions, alleged above, Monster has infringed and continues to infringe, literally or under the doctrine of equivalents, the '823 Patent by, *inter alia*, making, using, selling, offering for sale within the United States, and/or importing into the United States, the Infringing Products, which are covered by one or more claims of the '823 Patent.

39.    Monster's infringing activities violate 35 U.S.C. § 271.

40.    Upon information and belief, as a direct and proximate result of its wrongful conduct, Monster has obtained benefits to which it is not entitled.

41.    As a direct and proximate result of Monster's wrongful conduct, JobDiva has been substantially and irreparably harmed in an amount not readily capable of determination. Unless restrained by this Court, Monster will cause further irreparable injury to JobDiva.

42.    JobDiva is entitled to injunctive relief enjoining Monster, its agents and employees, and all persons acting in concert or participation with it from engaging in any further infringement of the '823 Patent.

43.    Monster's acts of infringement also have caused JobDiva to sustain monetary damage, loss, and injury, in an amount to be determined at trial.

44.     JobDiva is entitled to recover from Monster the damages, including attorneys' fees and costs, it has sustained and will sustain, and any gains, profits and advantages obtained by Monster as a result of its acts of infringement as alleged above.  At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by JobDiva, but will be established according to proof at trial.

## COUNT IV
### Patent Infringement of the '715 Patent (35 U.S.C. § 1, *et seq.*)

45.     JobDiva repeats and realleges each and every allegation above as if fully set forth herein.

46.     The '715 Patent is valid and enforceable.

47.     By its actions, alleged above, Monster has infringed and continues to infringe, literally or under the doctrine of equivalents, the '715 Patent by, *inter alia*, making, using, selling, offering for sale within the United States, and/or importing into the United States, the Infringing Products, which are covered by one or more claims of the '715 Patent.

48.     Monster's infringing activities violate 35 U.S.C. § 271.

49.     Upon information and belief, as a direct and proximate result of its wrongful conduct, Monster has obtained benefits to which it is not entitled.

50.     As a direct and proximate result of Monster's wrongful conduct, JobDiva has been substantially and irreparably harmed in an amount not readily capable of determination. Unless restrained by this Court, Monster will cause further irreparable injury to JobDiva.

51.     JobDiva is entitled to injunctive relief enjoining Monster, its agents and employees, and all persons acting in concert or participation with it from engaging in any further infringement of the '715 Patent.

52.     Monster's acts of infringement also have caused JobDiva to sustain monetary damage, loss, and injury, in an amount to be determined at trial.

53.     JobDiva is entitled to recover from Monster the damages, including attorneys' fees and costs, it has sustained and will sustain, and any gains, profits and advantages obtained by Monster as a result of its acts of infringement as alleged above.  At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by JobDiva, but will be established according to proof at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JobDiva respectfully requests judgment against Defendant Monster as follows:

A.     Find that Monster has infringed one or more claims of each of JobDiva's Asserted Patents;

B.     Find a substantial likelihood that Monster will continue to infringe one or more claims of each of JobDiva's Asserted Patents unless enjoined from doing so;

C.     Issue a preliminary and permanent injunction enjoining Monster, and its affiliates, agents, attorneys, employees, officers, servants, assigns and successors, and all persons, firms and corporations acting in concert with it, from infringing, inducing infringement, and contributing to the infringement of JobDiva's Asserted Patents, including but not limited to from making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, any products and/or services that infringe the Asserted Patents, and from participating or assisting in any such activity;

D.     Order Monster to render a full and complete accounting to JobDiva for Monster's profits or other advantages received from the foregoing acts of infringement;

E.    Enter judgment for JobDiva against Monster for all damages suffered by JobDiva and for any profits or gain by Monster attributable to infringement of any of the claims of JobDiva's Asserted Patents in amounts to be determined at trial;

F.    Award JobDiva treble damages, in an amount to be determined at trial, pursuant to 35 U.S.C. § 284;

G.    Declare this case exceptional within the meaning of 35 U.S.C. § 285;

H.    Award JobDiva costs and disbursements of this action, including reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

I.    Award Job Diva pre-judgment and post-judgment interest, to the fullest extent available, on the foregoing; and

J.    Grant such other, further and different relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff JobDiva demands a trial by jury on all issues so triable in this action.

Dated:  New York, New York
        November 18, 2013

KIRKLAND & ELLIS LLP

_Dale M Cendali_
_____
Dale M. Cendali
Todd M. Friedman
Joshua L. Simmons
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York  10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
todd.friedman@kirkland.com
joshua.simmons@kirkland.com

Attorneys for Plaintiff
JobDiva, Inc.

- 10 -